# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | CR425-056-01, -06 |
| ANTWOINE ALLEN, *et al.*, | ) ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Defendant Antwoine Allen seeks approval, under the Criminal Justice Act, 18 U.S.C. § 3006A ("CJA"), to expend funds to purchase a laptop that will enable him to review Discoverable Materials[1] produced by the Government, in compliance with the Court's Protective Order, doc. 751, while in pretrial detention.  Doc. 796.  Defense counsel represents that the discovery in the above-captioned case, a RICO prosecution with thirty defendants, is voluminous and that without a laptop, the

---

[1] "Discoverable Materials" was previously defined by this Court in its Protective Order, to "include any discovery, sealed items, *Jencks* material, and any other evidence furnished to a defendant in this case and properly marked" as produced by the Government. "[M]aterial acquired by any defendant's counsel from any source other than the Government, including but not limited to a defendant's attorney in any related state or federal case, that is not subject to any protective order, a third-party subpoena issued pursuant to Rule 17, or any public source, is **NOT** 'discoverable material' subject to this Order."  Doc. 751 at 4 n. 3.

Defendant will be unable to effectively review the discovery that the Government has produced and will produce pursuant to Rule 16 of the Federal Rules of Criminal Procedure. Among other information-gathering proceedings, the Court held a hearing on Defendant's Motion on April 10, 2026, at which multiple consultants provided information about the proposal. *See* doc. 826. Based on all of the information provided to the Court, Defendant's Motion is **GRANTED**. Doc. 796.

Defense counsel has identified the technology and digital forensics company of Data Mill, Inc. ("Data Mill"), headquartered in West Nyack, New York, and its "CJA Laptop Program," which provides secured laptops with which detained defendants may review discovery. Defense counsel has noted that Data Mill has provided such services in cases in the Second, Ninth, and Eleventh Circuits. Wired and wireless communications capabilities, printing, and camera functions on the laptop are disabled by Data Mill, ensuring that the Discoverable Materials remain solely on the laptop itself. The information concerning Data Mill's services were confirmed for the Court by Mr. Alan Nelson, a staff attorney employed by the United States Court of Appeals for the Second Circuit, Dave Damo, a principal of Data Mill, and Mr. Sean

Broderick, National Litigation Support Administrator for the Administrative Office of the United States Courts, Defender Services Office.  *See, e.g.*, docs. 821 (Letter from Mr. Broderick) & 826 (Minute Entry).  The Government has filed a Notice that it does not object to the Defendant's Motion.  Doc. 807.

The application is granted as follows:[2]

1. Defense counsel is authorized to procure with CJA funds a laptop computer and any subsequent external hard drives that may be required to provide the defendant with access to the discovery (collectively, the "Electronic Device") for purposes of the discovery review.  Counsel shall provide the Electronic Device to Data Mill whose staff shall review the Electronic Device and confirm that the wired and wireless communications, printing, and audio or visual recording capabilities are disabled in a manner acceptable to the facility in which the given Defendant is lodged and the Government.  Data Mill shall load onto the

---

[2] As discussed in more detail below, while the instant Order's provisions are currently applicable only to Allen, pursuant to his request, other defendants in this case have expressed interest in procuring a similarly configured laptop.  *See, e.g.,* doc. 808.  It is the Court's intention that the instructions provided below may be applicable if any other defendants make similar requests.  As such, it has included generally applicable instructions, despite the limitations of the relief granted in this Order.

Electronic Device such software as the Defendant will need to review and make notes on the discovery. Data Mill shall set a password protected administrative account on the Electronic Device that is separate from the Defendant's password protected user account to prevent any user from making changes to the Electronic Device.

2. Each Electronic Device will be clearly marked with the name and case number of the Defendant who has been assigned to receive that particular Electronic Device.

3. The Coordinating Defense Attorney ("CDA") shall provide a copy of the Discoverable Materials to Data Mill for installation onto the Electronic Device.

4. Data Mill shall confirm that the Discoverable Materials are viewable on the Electronic Device (for example, that the audio recordings and video play on the Electronic Device and that all indexing links are operational) prior to sending it to the Government.

5. Upon receiving the Electronic Device, the Government shall have an opportunity to inspect and ensure that it complies with this Order.

6. Within two weeks of receiving the Electronic Device, the Government shall make arrangements to provide the Electronic Device to Defendant's counsel for transport to the facility.

7. The Defendant can access the Electronic Device for review on a temporary basis and at times approved by prison personnel.

8. The Defendant is prohibited from copying any information from the Discoverable Materials.

9. The Defendant is strictly prohibited from printing, copying, sending, publishing, or transferring any of the Discovery Materials on the Electronic Device. It is the intent of this Order that only a Defendant assigned to a particular Electronic Device (and his counsel and any other members of his legal defense team, including investigators, paralegals, and support staff, as

needed to confer with the Defendant) will have access to the Discoverable Materials on the Electronic Device.

10.    If future materials are disclosed by the Government, Defendant's counsel may coordinate with the CDA and Data Mill as to the best method to update the laptop with the new materials, while ensuring security of the same and in full compliance with this Order and the Protective Order.

IT IS FURTHER ORDERED that no later than the conclusion of the proceedings against the Defendant in the district court, whether through dismissal of the charges against the Defendant or the sentencing of the Defendant, the facility where Defendant is detained shall return the Electronic Device to his counsel, who will promptly provide it to Data Mill as the custodian for the Administrative Office of the U.S. Courts if it was purchased with CJA funds. Defendant's counsel is **DIRECTED** to provide a copy of this Order and the Protective Order to the CDA, Data Mill, the Defendant, and the facility where Defendant is currently detained.

In addition to Allen's request, a Motion from Defendant Douglas related to access to discovery materials is also pending. *See generally*

doc. 808. That Motion seeks "clarification" of the Court's Protective Order concerning "whether . . . Douglass will have access to [the] computer [Allen is authorized by this Order to procure.]" *Id.* at 1. Since the Protective Order itself does not authorize the procurement of any laptop, it is not clear to the Court that Douglas' request seeks "clarification" of that Order. That request is, therefore, **DISMISSED** as moot. Doc. 808. However, the short answer to the question posed by Douglas' Motion is "No."

Douglas' Motion also requests that, "[s]hould the Court determine that defendants at the same facility should / cannot share the same device, then Douglas prays that this Court issue an order providing him with the same device as Allen." Doc. 808 at 1. Because § 3006A and the applicable regulations require individualized requests and individualized consideration, Douglas' alternative request cannot be granted. As indicated above, however, it is the Court's expectation that other defendants in this case who (1) are detained or incarcerated, (2) otherwise qualify, pursuant to § 3006A and the applicable regulations, and (3) wish to avail themselves of Data Mill's services, will be authorized to do so, subject to the instructions outlined above. Given that expectation,

7

Douglas' request is **DENIED**, without prejudice to his refiling an individualized request.  Doc. 808.

 SO ORDERED, this <u>14th</u> day of April, 2026.

 _____
 CHRISTOPHER L. RAY
 UNITED STATES MAGISTRATE JUDGE
 SOUTHERN DISTRICT OF GEORGIA